UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL AMMONS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SIOUX FALLS POLICE DEPARTMENT; and BURLINGTON STORES, INC., d/b/a BURLINGTON STORE,<br><br>　　　　　　　Defendants. | 4:25-CV-04236-CCT<br><br>**ORDER REQUIRING PLAINTIFF TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE FULL FILING FEE** |

Plaintiff Michael Ammons filed a pro se civil rights complaint. Docket 1. Ammons also filed a motion for leave to proceed in forma pauperis. Docket 3. The address Ammons listed in his complaint indicates that he is not currently in custody.[1] Docket 1 at 2. But the envelope Ammons used to mail his complaint to the Court lists the Minnehaha County Jail for the return address. *Id.* at 8. Therefore, this Court assumes that Ammons was in custody at the time he filed his complaint and moved for leave to proceed in forma pauperis.

I. **Applicability of PLRA**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But circuit courts are split

---

[1] Ammons is not listed as an inmate on the inmate listing portal for the Minnehaha County Jail. *See Who's Behind Bars*, Minnehaha County Sheriff's Office, https://web.minnehahacounty.gov/dept/so/jailInmateInfo/jailInmateInfo.php (last visited Dec. 10, 2025).

on whether the PLRA continues to apply after the prisoner is released during litigation. *See Carson v. Tulsa Police Dep't,* 266 F. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority); *see also Domino v. Garland,* No. 20-CV-2583, 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021).

The United States Courts of Appeals for the Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated," and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *In re Prison Litig. Reform Act,* 105 F.3d 1131, 1139 (6th Cir. 1997); *see also McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996); *DeBlasio v. Gilmore,* 315 F.3d 396, 397 (4th Cir. 2003). By contrast, the Fifth, Seventh, and D.C. Circuits hold, based on the plain language of § 1915(b)(1), that a complainant must pay the full amount of the filing fee if the complainant was a prisoner when the action was commenced. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *Robbins v. Switzer,* 104 F.3d 895, 897–99 (7th Cir. 1997); *In re Smith,* 114 F.3d 1247, 1251 (D.C. Cir. 1997).

The Eighth Circuit has not expressly weighed in on this issue but the court's holding in *Tyler* is instructive. *See In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997). There, the court denied the plaintiff's motion to proceed in forma pauperis and refused to address the merits of the plaintiff's mandamus petition until the requisite financial obligations were met. *Id.* The court

explained that because the plaintiff had previously filed three improper actions, he was no longer eligible for a § 1915(b) installment plan. *Id.* at 529; *see also* 28 U.S.C. § 1915(g) (stating that a prisoner is not eligible for a reduced filing fee or an installment payment plan "if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"). As such, the court ordered the plaintiff to pay the filing fee in full, noting that "[e]ven if [plaintiff]'s petition is dismissed, [plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Tyler*, 110 F.3d at 529–30.

Based on this language, courts within the Eighth Circuit have held that if a prisoner filed the action while in custody, they remain liable for the filing fee even if they are later released from custody. *See Domino*, 2021 WL 1221188, at *1 n.3 (stating that the "holding in *Tyler* that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed . . . is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody"); *Counts v. Missouri*, No. 4:24-CV-01437-MTS, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (stating that, in light of the Eighth Circuit's decision in *Tyler*, the § 1983 plaintiff was "responsible for the entire [filing] fee because the full fee was assessed against him prior to his release from custody"); *McFee v. Minnesota*, No. 11–3614, 2012 WL 514708, at *3 nn.5–6 (D. Minn. Jan. 24, 2012), *report and recommendation adopted*, 2012 WL 512611 (D. Minn. Feb.

15, 2012) (recognizing that the plaintiff must pay the filing fee, despite having been released from custody before the court ruled on the motion for IFP); *Williams v. Doe #1*, No. 4:06CV1344, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release). *But see Clark v. Wood*, No. 4:20-CV-1215-JAR, 2021 WL 1873561, at *1 (E.D. Mo. May 10, 2021) (stating that if a plaintiff was released from custody before the court ruled on the IFP motion, the court will consider the motion under the non-prisoner standard in 28 U.S.C. § 1915(a)(1)).

This Court finds that applying the PLRA to Ammons, who filed this action when an inmate though he has been released from custody subsequently, best adheres to the plain language of the PLRA and the Eighth Circuit's holding in *Tyler*.[2] Because Ammons filed this action while he was in custody, he is liable for the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

## II.     Ammons's Motion for Leave to Proceed In Forma Pauperis, Docket 3

Because the PLRA applies to Ammons, he is required to pay the full amount of a filing fee.[3] 28 U.S.C. § 1915(b)(1). The Court may, however, accept

---

[2] This application of the PLRA is consistent with other cases in the District of South Dakota. *See Hilston v. Lincoln Cnty. Cir. Judges*, 782 F. Supp. 3d 712, 715–718 (D.S.D. 2025); *Bell v. Bittinger*, No. 4:24-CV-04152-LLP, 2025 WL 1424903, at *1–2 (D.S.D. May 16, 2025).

[3] If Ammons is granted in forma pauperis status, he will be responsible for the entire $350 filing fee charged to prisoners proceeding in forma pauperis. *See Tyler*, 110 F.3d at 529–30. Alternatively, Ammons may proceed with his case by paying the full civil complaint filing fee of $405. If Ammons pays the full civil complaint filing fee, his complaint will nonetheless be screened under 28 U.S.C. § 1915A. *See Wooten v. Wasko*, No. 4:25-CV-04043-CCT, 2025 WL 2336586, at *1, 2 (D.S.D. Aug. 13, 2025) (screening a pro se prisoner's complaint under § 1915A even though she paid the full civil complaint filing fee).

partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan[4] is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(l). This information is supplied in the prisoner trust account report to be provided by the pro se prisoner in accordance with 28 U.S.C. § 1915(a)(2). Ammons has not submitted a prisoner trust account report, and instead filed an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Docket 3. Because it appears

---

[4] Installment plans are governed by 28 U.S.C. § 1915(b)(2). "As a practical matter, because [Ammons] is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. Should [Ammons] be a prisoner in the future, § 1915(b)(2) might then become applicable." *Domino*, 2021 WL 1221188, at *2 n.4; *see also McFee*, 2012 WL 514708, at *3 n.6 (stating that because the plaintiff was released, the fee payment provisions under § 1915(b)(2) cannot be utilized, but noting that if the plaintiff ever returns to custody by violating his terms of release or committing a new crime, § 1915(b)(2) will then become applicable).

that Ammons is no longer in custody, this Court will consider an AO 239 Form in lieu of a prisoner trust account report.

The AO 239 Form Ammons submitted, however, is not thorough enough for this Court to evaluate his motion for leave to proceed in forma pauperis. In this AO 239 Form, Ammons wrote zero for all dollar amounts, including income, assets, and expenses. *Id.* This limited account of Ammons's finances does not provide the Court with sufficient information to determine whether Ammons qualifies for in forma pauperis status. *See Johnson v. Phillips (Badge #348)*, No. 3:24-CV-03020-CCT, Docket 12 (D.S.D. Dec. 6, 2024) (denying plaintiff's motion for leave to proceed in forma pauperis on appeal when his financial affidavit contained zeroes for all dollar amounts). Before this Court can make a determination on Ammons's motion for leave to proceed in forma pauperis, he must submit a more comprehensive and accurate AO 239 Form that provides this Court with enough information to evaluate his motion for leave to proceed in forma pauperis by **January 15, 2026.** If Ammons does not wish to submit a more detailed AO 239 Form, his other option for the case to proceed is to pay the full civil complaint filing fee of $405 by **January 15, 2026.**

### III. Conclusion

Thus, it is ORDERED:

1. That the Clerk of Court will send an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to

        Ammons at the address he provides on the second page of his complaint, Docket 1.

2.    That Ammons must submit a completed AO 239 Form that provides the Court with enough information to evaluate his motion for leave to proceed in forma pauperis by **January 15, 2026**.

3.    That if Ammons fails to comply with this order, or alternatively, fails to pay the $405 civil complaint filing fee by **January 15, 2026**, his complaint will be dismissed without prejudice for failure to prosecute.

Dated December 16, 2025.

                                          BY THE COURT:

                                          */s/ Camela C. Theeler*
                                          CAMELA C. THEELER
                                          UNITED STATES DISTRICT JUDGE